# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. WIND, INC.<br>401 East Pratt St, Suite 1810<br>Baltimore, MD 21202 | *<br><br>* |
| Plaintiff | * |
| v. | *   Civil Action No.: |
| GREAT WHITE, her engines,<br>tackle, equipment, and other<br>appurtenances, etc., in rem | *<br><br>* |
| and | * |
| ALL COAST, LLC<br>151 Southpark Road<br>Lafayette, Louisiana  70508, in personam | *<br><br>* |
| and | * |
| INTERMOOR, INC.<br>900 Threadneedle Street, Suite 300<br>Houston, Texas  77079, in personam | *<br><br>* |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## VERIFIED COMPLAINT FOR ARREST

Plaintiff U.S. Wind, Inc. ("U.S. Wind"), by and through its undersigned attorneys, sues Liftboat GREAT WHITE, her engines, tackle, equipment, and other appurtenances, etc., in rem, All Coast, LLC, in personam, and InterMoor, Inc., in personam, and for its Complaint, states as follows:

1.      This is a cause within the admiralty and maritime jurisdiction of this Court, pursuant to 28 U.S.C. §1333, and is an admiralty and maritime claim within the meaning of Rule

9(h) of the Federal Rules of Civil Procedure and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

## PARTIES

2. Plaintiff U.S. Wind is a corporation organized under the laws of the State of Massachusetts with its principal place of business in Boston, Massachusetts.

3. The Class 250 Liftboat GREAT WHITE is a mono-hull vessel duly registered under the laws of United States, and it is owned by Defendant All Coast, LLC ("All Coast"). The GREAT WHITE is now, or will be during the pendency of this action, within the admiralty and maritime jurisdiction of this Honorable Court.

4. Defendant All Coast is a Louisiana limited liability corporation with its principal place of business located in Lafayette, Louisiana. In addition to being the owner of the GREAT WHITE, All Coast was also a subcontractor for the installation of a meteorological tower ("Met Tower") on behalf of U.S. Wind.

5. Defendant InterMoor, Inc. ("InterMoor") is a corporation with its principal place of business located in Houston, Texas. Intermoor was the "Prime" contractor for the installation of the Met Tower on behalf of U.S. Wind.

## NATURE OF THE ACTION

6. This is an action primarily seeking the return of property owned by Plaintiff that was provided to the GREAT WHITE as a necessary for the voyage and project that was being undertaken, Defendants then affixed U.S. Wind's property to the GREAT WHITE for the very purpose of using said property when installing the Met Tower. Despite repeated and explicit demands, the Vessel and its owner have refused to return said property in Delaware and are presently wrongfully detaining said property. The GREAT WHITE is currently anchored in

Delaware waters just off the coast of Big Stone Beach in the lower Delaware Bay, but Defendants are threatening to set sail from Delaware waters imminently.

## FACTUAL BACKGROUND

7.     U.S. Wind is building an Offshore Wind Farm off the coast of Ocean City, Maryland.  Specifically, in 2014, U.S. Wind bid on and was awarded two leases known as the Maryland Wind Energy Area offshore of Ocean City, Maryland by the Bureau of Ocean Energy Management (BOEM).  Combined, the leases cover more than 85,000 acres and provide enough renewable wind energy to generate more than 750MW of offshore wind electricity.

8.     Development of this major renewable energy project is ongoing. As a prerequisite to continue with the development of the project, U.S. Wind must install a Met Tower to monitor the wind patterns in the area in order to construct a viable Offshore Wind Farm.

9.     Without a Met Tower in place to monitor conditions, the planned Offshore Wind Farm cannot go forward, and without a Met Tower to provide the proof of concept needed, the financing for the project may be imperiled.

10.     The Met Tower was custom ordered and custom built to U.S. Wind's specifications for use in this particular geographical area pursuant to a contractual arrangement with a non-party Louisiana based company that was entered into on March 6, 2018.

11.     Over the course of several months, the custom Met Tower was built at a total cost of just over $3.2 million.

12.     In addition to the Met Tower, U.S. Wind also owns other, necessary equipment for the installation and on-time completion of the project.  One such piece of equipment is an "Alignment Frame," whose primary purpose is to assist the GREAT WHITE in installing the Met Tower.

13. The Alignment Frame is owned by U.S. Wind and was provided to the GREAT WHITE and the Defendants as a "necessary" for the voyage and project that was being undertaken. The Defendants then affixed the Alignment Frame to the GREAT WHITE with the specific intent of using it to help install the Met Tower.

14. The Alignment Frame is a necessary installation component for the Met Tower.

15. The Alignment Frame was affixed to the Great White on or about August 9, 2019, and remains there.

16. At all relevant times, U.S. Wind has had title to and exclusive ownership rights to the Alignment Frame and the Met Tower.

17. U.S. Wind and its Prime Contractor, Intermoor, recently reached an impasse as to Intermoor's continued involvement with the project, and, in particular, with the installation of the Met Tower. As a result, notices of termination were provided pursuant to the operative contract between Intermoor and U.S. Wind. Those notices were tendered to Intermoor on September 26, 2019, and absent a change in circumstances the contract will be terminated effective October 6, 2019. An exhibit to the prime contract expressly contemplates the retention of the Defendants and other parties as subcontractors through direct contracts with Intermoor.

18. U.S. Wind and its counsel have made multiple requests to recover the Alignment Frame from the GREAT WHITE and/or the other Defendants.

19. In particular, U.S. Wind contacted the CEO of Defendant All Coast, the owner of the GREAT WHITE, and requested the return of the Alignment Frame before the GREAT WHITE departs from the Delaware Bay. All Coast's CEO refused that request and, instead, instructed U.S. Wind and its counsel to direct its request "to the Charterer of the vessel, Intermoor."

20. U.S. Wind also requested the assistance of Intermoor in seeking the return of the Alignment Frame, but thus far have not received any definitive response from Intermoor regarding its willingness to assist with returning the Alignment Frame or to otherwise instruct the other Defendants to return the Alignment Frame to U.S. Wind.

21. The refusal of the GREAT WHITE and the other Defendants to return the Alignment Frame in a timely manner, despite repeated requests, amounts to a wrongful detention and constructive conversion of the Alignment Frame.

## MARITIME LIEN

22. U.S. Wind has a maritime lien on the GREAT WHITE for the provision of necessaries pursuant to 46 U.S.C. §§31341 and 31342, and it is entitled to a judgment against said vessel in the amount of its claim, with interest and costs.

23. Furthermore, U.S. Wind has a maritime lien on the GREAT WHITE as a result of the maritime torts of constructive conversion and wrongful detention being committed by the GREAT WHITE and by the other noted Defendants.

WHEREFORE, Plaintiff U.S. Wind, Inc. demands:

(a) That process in rem and a warrant for the arrest of the GREAT WHITE, her engines, tackle, equipment, and other appurtenances, etc., issue in due form of law, in accordance with the practices of this Court, with notice to all persons, and that all persons claiming any interest therein be cited to appear and answer the matters aforesaid;

(b) That the claims of U.S. Wind be adjudged to be maritime liens on the GREAT WHITE, her engines, tackle, equipment, and other appurtenances, etc., and that a judgment be entered in favor of U.S. Wind and against the GREAT WHITE, her engines, tackle,

equipment, and other appurtenances, etc., for the amount of said claims, with interest, costs, and attorney fees;

      (c)     That Defendants All Coast, LLC and Intermoor, Inc. be required to appear and answer all and singularly the matters aforesaid and that the Plaintiff may have a judgment for the amount of its damages with interest and costs.

      (d)     That the GREAT WHITE, her engines, tackle, equipment, and other appurtenances, etc., be condemned and sold to pay all sums awarded to U.S. Wind; and

      (e)     That U.S. Wind have and recover such other and further relief as the justice of this cause may require.

SAUL EWING ARNSTEIN & LEHR LLP

By: */s/ James D. Taylor*
James D. Taylor, Jr., Esquire (#4009)
1201 N. Market Street
Suite 2300
Wilmington, Delaware 19899
(302) 421-6863
Jim.taylor@saul.com

*Attorneys for Plaintiff, U.S. Wind, Inc.*

Of Counsel (Admission *Pro Hac Vice pending*):
Earl Adams, Jr., Esquire
Saul Ewing Arnstein & Lehr LLP
1919 Pennsylvania Avenue N. W.
Suite 550
Washington, DE 20006-3434
earl.adams@saul.com

Toyja E. Kelly
Saul Ewing Arnstein & Lehr LLP
500 East Pratt Street
Suite 900
Baltimore, MD 21202-3133
Toyja.Kelley@saul.com


Of Counsel (Admission *Pro Hac Vice* Pending):
Alexander M. Giles, Esquire
Imran O. Shaukat, Esquire
Semmes, Bowen & Semmes
25 S. Charles Street, Suite 1400
Baltimore, Maryland  21201
(410) 539-5040
(410) 539-5223 (fax)
agiles@semmes.com
ishaukat@semmes.com